UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSE WAYNE FALLIN, JR., | Case No. 3:23-cv-00512-ART-CLB |
| Plaintiff, | ORDER ON MOTIONS IN LIMINE |
| v. | |
| UNITED STATES, et al., | |
| Defendants. | |

This case concerns medical treatment for injuries suffered by Plaintiff Jesse Wayne Fallin, Jr., after a postal van hit his vehicle. Plaintiff and Defendant submitted motions in limine. The Court also held a calendar call in which each party discussed their positions on their motions and responses. (*See* ECF No. 35.)

I. **BACKGROUND**

Plaintiff Jesse Wayne Fallin, Jr., was hit by a postal van while driving in Fernley, Nevada, in 2021. (ECF No. 1.) Defendant argues that Plaintiff's injuries were not severe enough to justify the medical care that he received. (ECF No. 31 at 2.) Both sides expect the trial to focus on the severity of Plaintiff's injuries from the crash and whether medical treatment he received was necessary and reasonable. The motions in limine focus entirely on these questions. The Court addresses Plaintiff's motion then Defendant's.

II. **DISCUSSION**

   A. **Plaintiff's Motion in Limine**

Plaintiff's omnibus motion includes five motions in limine. (ECF No. 28.) Plaintiff seeks to preclude Defendant from questioning Plaintiff's treatment providers about medical liens except as a source of those providers' bias in having

1

a financial interest in the outcome of the case. Plaintiff further seeks to preclude argument that Plaintiff's counsel referred or recommended treatment to Plaintiff, arguments about unreasonable billing practices employed by Plaintiff's treatment providers, and arguments that this is a "medical buildup" case. Plaintiff also seeks to prevent Defendant's medical expert from expressing conclusions about the car crash that caused Plaintiff's injuries.

### 1. Medical Liens

Plaintiff requests that the Court allow Defendant to put on evidence of medical liens held by some of Plaintiff's treating physicians only as a possible source of bias for those treating physicians. (ECF No. 28 at 4–5.) Plaintiff seeks to restrict Defendant from implying that Plaintiff could negotiate a lower price for those bills or that Plaintiff's other insurance coverage may cover the bills, as such inferences would violate the collateral source rule. (*Id.* at 5 (citing *Russo v. Matson Nav. Co.*, 486 F.2d 1018, 1020 (9th Cir. 1973).) Defendant states that it plans to ask about medical liens only to show possible bias of treating-physician witnesses. (ECF No. 31 at 4–5.) At the calendar call, both parties agreed that Defendant may ask medical providers about Plaintiff's unpaid bills as a way to show those providers' interest in the outcome of the case, and Defendant stated that it did not expect to ask questions beyond that. (ECF No. 35.) The Court accordingly grants Plaintiff's motion and notes that Defendant may use Plaintiff's medical liens to attack credibility or show bias based on those witnesses' financial interest in the outcome of the case and not to suggest that Plaintiff could negotiate down his medical bills.

### 2. Plaintiff Referrals of Medical Providers

Plaintiff seeks to exclude evidence, argument, and inferences that Plaintiff's counsel referred or recommended treatment to Plaintiff. (ECF No. 28 at 5–6.) Plaintiff argues that seeking communications between Plaintiff and Plaintiff's counsel would violate the attorney-client privilege. Plaintiff concedes that

Defendant may ask about when Plaintiff retained counsel, but not about the substance of communications between Plaintiff and his counsel. (*Id.* at 6 (citing *Calvert v. Ellis, et al.*, No. 2:13-CV-00464-APG-NJK, 2016 WL 153044, at *4 (D. Nev. Jan. 12, 2016).) Defendant responds that questions about when and why Plaintiff retained counsel are not barred by the attorney-client privilege. *See Roberts v. Smith's Food & Drug Centers, Inc.*, No. 2:11-CV-1917-JCM-GWF, 2014 WL 12802901, at *4 (D. Nev. May 28, 2014) (permitting inquiry into "when and why plaintiff sought legal representation . . . if [Defendant] can establish the relevance of this evidence at trial").

Defendant argues that Plaintiff may state whether Plaintiff's counsel referred him to medical providers because that is an underlying fact, not a communication protected by the attorney-client privilege. (ECF No. 31 at 6 (citing *Upjohn v. United States*, 449 U.S. 383, 395–96 (1981) (internal citation omitted) (The answer to the question "[w]hat did you say or write to the attorney" is privileged, while a relevant fact that has been incorporated into a communication to an attorney is not.).) The Court holds that Defendant may ask Plaintiff or other witnesses with personal knowledge whether a treatment-provider was referred to Plaintiff by counsel, but Defendant may not seek to produce details about Plaintiff's confidential communications with counsel. Accordingly, the Court denies Plaintiff's motion while reminding Defendant to not seek or place into evidence privileged communications between Plaintiff and Plaintiff's counsel.

### 3. Unreasonable Billing Practices

Plaintiff seeks to limit Defendant from arguing or opining about Plaintiff's providers' billing practices being unreasonable. (ECF No. 28 at 6–7.) Plaintiff argues that Defendant did not provide an expert to establish that Plaintiff's providers' billing was unreasonable. (*Id.*) Defendant points to reports and testimony from defense experts in which those experts say that procedures were unnecessary, arguing that unnecessary medical treatment is by definition

unreasonable. (ECF No. 31 at 8–9.) Defendant also points to its retained economic expert, which Plaintiff's motion does not mention. (*Id.* at 8.) Defendant concedes that their experts' testimony is limited to their expertise, and the Court may address any related objections during trial. (*Id.*) Accordingly, the Court denies Plaintiff's third motion.

### 4. Evidence Showing Medical Build Up

Plaintiff seeks to preclude Defendant from arguing, absent evidence, that this case involves attorney-driven litigation or "medical buildup" because no evidence exists to suggest this. (ECF No. 28 at 7.) Defendant responds that it has probative evidence suggesting medical buildup.

Other courts in this district have held that a defendant may argue that a plaintiff's medical treatment is attorney driven as long as admissible evidence exists to show it. *See Roberts*, 2014 WL 12802901 at *4; *Peterson v. Evergreen Trans, Inc.*, No. 3:19-CV-00442-ART-WGC, 2023 WL 1965691, at *3 (D. Nev. Feb. 13, 2023).

Defendant's evidence of medical buildup consists of the following: a declaration from Plaintiff's orthopedic expert that many surgeons would not provide Plaintiff with some of the back procedures he received based on his diagnoses, statements from the Plaintiff that he went to certain providers at the advice of his attorneys, and medical records from Plaintiff's charts that record Plaintiff's counsel calling providers to ask, "what is going to be done next." (ECF No. 31 at 10.) At the calendar call, Plaintiff's counsel conceded that Defendant may make medical-buildup arguments based on these facts. Accordingly, the Court denies Plaintiff's motion but reminds Defendant that the Court may entertain and grant specific objections relating to these topics during trial.

### 5. Appropriateness of Surgical Procedures

Plaintiff seeks to preclude Defendant's expert witness Dr. Chavez from testifying outside the scope of his expertise. (ECF No. 28 at 8.) Plaintiff points out

4

that Dr. Chavez is a specialist in family medicine, pain management, and addiction. (*Id.*) Plaintiff further points out that Dr. Chavez's expert report reaches conclusions about the severity of the car accident that caused Plaintiff's injuries, the directness of the collision, the mechanics of airbag deployment in Plaintiff's vehicle, and injuries to other passengers in the vehicle. (*Id.*) Plaintiff seeks to exclude all opinions in this report besides Section VII, which discusses pain management medicine and the use of templates by Plaintiff's treatment providers for pain management, as outside the scope of Dr. Chavez's expertise. (*Id.*)

At the calendar call, Defendant conceded that Dr. Chavez will not testify about biomechanical issues, airbag deployment, or other technical matters relating to the extent of injuries received in the accident. (ECF No. 35.) Defendant stated that instead Dr. Chavez would testify to pain management, addiction as it relates to pain management, and whether certain surgeries may cause or alleviate pain. (*Id.*) Accordingly, the Court grants Plaintiff's motion and bars Dr. Chavez from testifying as to his conclusions regarding the nature of the automobile accident but permits him to testify regarding medical treatment related to pain management.

### 6. Cumulative Testimony

Plaintiff seeks to preclude Defendant's two medical experts from providing cumulative testimony. (ECF No. 28.) At the calendar call, both parties agreed that they would avoid providing cumulative testimony and acknowledged that attempts to elicit cumulative testimony would be objected to and disposed of during trial. (ECF No. 35.) Accordingly, the Court grants this motion.

### B.     Defendant's Motion in Limine

Defendant seeks to preclude Plaintiff's treating doctors from testifying on issues outside of the treatment that they provided to Plaintiff. (ECF No. 29 at 7.) Plaintiff responded and stated at the calendar call that he does not expect to seek testimony from these treatment providers outside of the treatment that they

provided to Plaintiff and that these witnesses will basically serve as percipient witnesses. (ECF No. 30 at 3–5; ECF No. 35.) Accordingly, the Court grants Defendant's motion.

### IV. Conclusion

Accordingly, the Court grants Plaintiff's first, fifth, and sixth motions as part of their omnibus motion in limine and denies all others.

The Court grants Defendant's motion in limine as explained in the order above.

DATED THIS 7th day of April, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE